UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GARY MERTZ, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 4:10-cv-2098-HEA |
| Plaintiff, | ) ) ) | CLASS ACTION |
| v. | ) ) | |
| LINDELL BANK & TRUST COMPANY, | ) ) ) | Filed Electronically |
| Defendant. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE OFFER OF JUDGMENT**

Plaintiff, Gary Mertz, by his undersigned counsel, submits this Memorandum of Law in support of his Motion to Strike Offer of Judgment. As discussed more fully below, the Motion to strike should be granted in order to prevent the Defendant from "picking off" the Named Plaintiff.

**I. BACKGROUND**

This case is a putative class action brought on behalf of the following class of similarly situated individuals:

> All persons who: 1) were charged a "Terminal Fee" at the ATM operated by Defendant when such persons made an electronic fund transfer and/or balance inquiry where, 2) no notice indicating that such fee was to be charged was posted "on or at" the ATM machine.

*Class Action Complaint,* ¶ 23.

On November 12, 2010, Defendant transmitted an Offer of Judgment, a copy of which is attached as **Exhibit 1** to the Motion to Strike. The Offer of Judgment provides for **no payment** to the members of the putative class. Indeed, the Offer of Judgment specifically provides that

1

Defendant "offers to allow judgment to be entered against it and solely in favor of Plaintiff Gary Mertz."

In submitting the Offer of Judgment, Defendant has undertaken a procedural ploy designed to "pick off" the Named Plaintiff by offering him more than the maximum statutory award to which he is entitled under EFTA. As discussed in the cases cited below, this ploy is designed to "moot" the Named Plaintiff's claim, or to induce the Named Plaintiff to abandon the class action mechanism out of fear of potential cost shifting. This ploy has been judicially discredited because it undermines the important role played by the Federal Class Action rule in aggregating small claims under consumer protection statutes like EFTA. Finding that the class action mechanism is fundamental to obtaining the relief provided by such statutes, Federal Courts have ruled that it is appropriate to strike such Offers of Judgment, even before they have been filed in the Court docket.

## II. ARGUMENT

### A. Courts Routinely Have Been Reluctant To Permit Defendants To "Pick-off" Individual Plaintiffs In A Class Action

Allowing a defendant to use a Rule 68 offer of judgment to "pick-off" individual claimants before class certification can be reached effectively nullifies representative actions because a defendant can easily pay off any given member of a class for a fraction of the entire class's potential total damages. Indeed, one of the primary reasons for class actions in the first place is because individual damages are typically small. *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 339 (1980)("Pick-offs" "obviously would frustrate the objectives of class actions" – that is, enabling plaintiffs to redress wrongs even "[w]here it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages . . . .").

2

In *Roper*, the Supreme Court recognized the inherent evils in allowing a defendant to "short circuit" a class action by paying off individual class representatives. In holding that the individual class representatives retained an interest in appealing the district court's denial of class certification subsequent to offers of judgment to the named plaintiffs, the Court stated as follows:

> A district court's ruling on the certification issue is often the most significant decision rendered in these class-action proceedings. To deny the right to appeal simply because the defendant has sought to "buy off" the individual private claims of the named plaintiffs would be contrary to sound judicial administration. Requiring multiple plaintiffs to bring separate action, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover, it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

*Id.* at 339.

Accordingly, courts, including courts in the Eighth Circuit, generally look unfavorably upon this inherently inequitable tactic of "picking-off" representative plaintiffs and routinely have rejected attempts by defendants to subvert a pending class action with an Offer of Judgment.[1] *See Weiss v. Regal Collections*, 385 F.3d 337, 344 (3d Cir. 2004)(allowing a defendant to "pick off" a class representative with an offer of judgment undercuts the viability of the class action procedure); *Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999)(Rule 68 Offer of Judgment to a representative plaintiff "is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party

---

[1] Although there is no Eighth Circuit precedent directly on point, the Eighth Circuit has reasoned that allowing defendants to involuntarily moot the claims of named plaintiffs through Rule 68 offers of judgment prior to a class certification determination "'obviously would frustrate the objectives of class actions' and 'would invite waste of judicial resources'" *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 612 (8th Cir. 2003)(*quoting Roper*, 445 U.S. at 339)(affirming district court's denial of class certification because plaintiff *voluntarily* entered into a settlement agreement with defendant after the class certification determination); *See also Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996)("Judgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and costs of the suit. This rule protects a class representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representatives claims.").

3

plaintiffs to the suit, an offer to one is not an offer of the <u>entire</u> relief sought by the suit..."(emphasis in original)); *Roper v. Consurve, Inc.*, 578 F.2d 1106, 1110 (5th Cir. 1978)("notion that a defendant may short-circuit a class action by paying off the class representatives...deserves short shrift"). *See also Harris v. Messerli & Kramer, P.A.*, 2008 WL 508923 (D.Minn. Jan. 2, 2008)(Allowing defendants to use a Rule 68 offer of judgment to pick off named plaintiffs "would create a 'race' between the parties, with the named plaintiff rushing to file a class certification motion before the defendant makes a Rule 68 offer, and the defendant rushing to make a Rule 68 offer before the named plaintiff moves to certify the class."); *Jenkins v. General Collection Co.*, 246 F.R.D. 600 (D.Neb. 2007)(striking defendant's offer of judgment to putative class representative noting that the Rule 68 cost-shifting provision conflicts with the interests of maintaining a class action under Rule 23); *Jancik v. Cavalry Portfolio Services, LLC*, 2007 WL 1994026 (D.Minn. Jul. 3, 2007)("[A]llowing defendants to avoid liability merely by winning the race to the courthouse and by proffering settlement offers that have the effect of denying all putative plaintiffs' claims even before scheduling orders are issued and plaintiffs have the applicable motion deadlines in front of them, would be bad policy and would effectively eviscerate the effectiveness of class actions..."); *Liles v. American Corrective Counseling Services, Inc.*, 201 F.R.D. 452 (S.D. Iowa 2001)(rejecting defendant's attempt to "pick off" named plaintiff with a Rule 68 offer of judgment before a class certification motion has been filed and considered); *Zeigenfuse v. Apex Asset Management, LLC*, 2006 WL 3742773 (E.D.Pa. Dec. 14 2006)("If an offer of judgment to a putative class representative were allowed to stand, it would be an easy way for a defendant to thwart a class action which may be the only viable means of obtaining relief for the class members who individually may have claims too small to sue on their own." ); *Martin v. Mabus*, 734 F.Supp. 1216, 1222 (S.D.Miss. 1990)("procedures

4

prescribed by Rule 68 for making an offer of judgment are literally inapplicable because Rule 23(e) requires that court approval be obtained in order for a case to be dismissed or compromised"); *Smith v. NCO Financial Systems, Inc.*, 257 F.R.D. 429, 434 (E.D. Pa. 2009)("Rule 68 was not meant to test the strength of a plaintiff's motion for class certification. It seems that if Plaintiff were to consider Defendants' amended offer of judgment, the determinative factor will be whether she believes the Court will certify a class action, not whether she will succeed on the merits of her claims. Hence, because Defendants' amended offer of judgment contravenes not only the class action mechanism but also Congressional intent under the FDCPA, the Court will grant Plaintiff's Motion to strike Defendants' amended offer of judgment.").

In addition, courts have cautioned against the use of Rule 68 Offers of Judgment by defendants prior to a class certification determination as a means to pit the self interests of the named plaintiff against the interests of the class as a whole. This is the case because Rule 68 contains a cost-shifting provision, whereby if the plaintiff's ultimate recovery is less than the defendant's offer, the plaintiff must pay the costs the defendant incurred after the plaintiff rejected the Rule 68 offer. Fed.R.Civ.P. 68(d). Courts have cautioned that this tension would cause named plaintiffs to weigh their own interest in avoiding potential personal liability under Rule 68 against the potential recovery of the class:

> In *Zeigenfuse v. Apex Asset Management, L.L.C.*, [239 F.R.D. 400 (E.D. Pa. 2006)] plaintiff Rebecca S. Zeigenfuse brought a putative class action on behalf of herself and all others similarly situated for violations of the FDCPA. Before Zeigenfuse filed a motion for class certification, the defendant made her an offer of judgment of $1,001.00 plus reasonable costs and attorney's fees. The defendant argued that *Weiss* was inapposite as the defendant was not seeking to moot Zeigenfuse's individual claim, but rather to shift the risk of costs to her should she not be successful. The court held that "Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed." The court found that "[i]nstead of

5

> forcing the named representative to accept the carrot of full individual relief which cannot be done under *Weiss*, defendant is threatening the stick, that is, imposing costs against plaintiff if she is unsuccessful. Either way, a defendant is attempting to 'pick off' the named representative." Under either approach, the court noted that "the purpose is to dampen the efforts of the putative representative in pursuing the class action, if not to cause her to withdraw."

*Smith v. NCO Financial Systems, Inc.*, 257 F.R.D. 429, 433 (E.D. Pa. 2009) (discussing and applying *Zeigenfuse v. Apex Asset Management, L.L.C.*, 239 F.R.D. 400 (E.D. Pa. 2006)). *See also Jenkins*, 246 F.R.D at 602 ("Since [defendant's] offer of judgment addressed only [named plaintiff's] individual claims, and the offer did not address the class demands, the threat of costs associated with silence in the face of the offer serves no useful purpose at this stage of a potential class action."); *Strausser v. ACB Receivables Management, Inc.* No. Civ. A.06-5109, 2007 WL 512789 at * 1 (Feb. 12, 2007, E. D. Pa.) (granting a motion to strike a Rule 68 Offer of Judgment made in a FDCPA case, explaining "[t]he use of Rule 68 to shift the risk of costs is simply a more indirect and perhaps somewhat more subtle means to undermine Rule 23 and the procedural and substantive benefit it affords."); Newberg on Class Actions, §15.36 at 115 (4th ed. 2002) ("[B]y denying the mandatory imposition of Rule 68 in class actions, class representatives will not be forced to abandon their litigation posture each time they are threatened with the possibility of incurring substantial cost for the sake of absent class members.").

### B. Plaintiff's Motion To Strike Is Not Procedurally Premature

Finally, under the circumstances in this case it is appropriate to strike the Offer of Judgment even though it has not yet been filed with the Court. In *Jenkins*, the plaintiff filed a class action complaint alleging violations of the Fair Debt Collection Practices Act (FDCPA), *inter alia*, and seeking statutory damages on behalf of herself and a putative class. Before the plaintiff moved to certify the class, the defendants made a Rule 68 offer of judgment in an amount equal to the statutory limit on damages, plus costs and reasonable attorneys' fees. The

plaintiff did not accept nor reject the offer of judgment and subsequently filed a motion to strike the offer of judgment. The magistrate judge granted plaintiff's motion to strike and defendant subsequently appealed. Defendant contended that the motion to strike the offer of judgment was premature, and therefore there was no "justiciable 'actual, ongoing [case] and [controversy]' before the court" because defendant had not moved to dismiss plaintiff's claim as moot, defendant had not moved to recover costs from plaintiff and the court was not presented with the question of what constituted reasonable attorney fees and costs. *Jenkins*, 246 F.R.D. 601-02. The court rejected defendant's argument and affirmed the magistrate judge's order:

> Because Rule 68 dictates that this offer would be "admissible…in a proceeding to determine costs," [plaintiff's] dilemma is that her "fiduciary obligations to the putative class members [are] pitted against [her] own self-interest." *McDowall v. Cogan*, 216 F.R.D. 46, 51 (E.D.N.Y. 2003). As long as relief on behalf of the class has not been addressed, [the magistrate judge's] determination that "[t]he offer of judgment must now be stricken to prevent it from undermining the use of the class action device," is appropriate. *Zeigenfuse*, 239 F.R.D. at 403. However, "[i]f class certification is ultimately denied, defendant, or course, will then be free to make an offer of judgment containing the cost shifting provision of Rule 68." *Id.* at 402.

*Jenkins*, 246 F.R.D. at 602-03. *See also Smith*, 257 F.R.D. at 434-35 ("[A]n offer of judgment must be stricken at this stage of litigation 'to prevent it from undermining the use of the class action device.' To defer striking Defendants' amended offer of judgment would only place Plaintiff in the exact predicament the Court wishes to avoid. Nevertheless, should class certification be denied, Defendants are free to make another offer of judgment to Plaintiff without running afoul of the principles herein.").

### III. CONCLUSION

This Court should adopt the reasoning of the cases cited above and grant the Plaintiff's Motion to Strike the Rule 68 Offer of Judgment made by Defendant.

7

Dated: November 19, 2010                    Respectfully Submitted,

/s/ Evan D. Buxner
Evan D. Buxner Bar #41559MO

THE BUXNER LAW FIRM
230 S. Bemiston Avenue
Suite 500
St. Louis, Missouri 63105
(p) 314 725-9595
(f) 888-851-4940
ebuxner@buxnerlaw.com

OF COUNSEL (to be admitted *pro hac vice*):

R. Bruce Carlson
Gary F. Lynch
Stephanie K. Goldin

CARLSON LYNCH LTD
231 Melville Lane
P.O. Box 367
Sewickley, PA 15143
www.carlsonlynch.com
(p) 412 749-1677
(f) 412 749-1686

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of November, 2010, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record through the CM/ECF system.

/s/ Evan D. Buxner
Evan D. Buxner

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GARY MERTZ, individually and on ) 
behalf of all others similarly situated, )
)
    Plaintiffs, )
)
v. ) Case No. 4:10-CV-02098-HEA
)
LINDELL BANK & TRUST COMPANY, )
)
    Defendant. )

## OFFER OF JUDGMENT

Pursuant to Rule 68(a) of the Federal Rules of Civil Procedure, Defendant Lindell Bank & Trust Company, by and through its attorneys, Lewis, Rice & Fingersh, L.C., while expressly denying liability and denying that any judgment entered as a result of this offer has preclusive effect in any litigation other than the instant case, offers to allow judgment to be entered against it and solely in favor of Plaintiff Gary Mertz, within fourteen (14) days of the date of service of this Offer of Judgment upon him, in the amount of One Thousand One Hundred Dollars ($1,100.00), representing statutory damages pursuant to 15 U.S.C. Sec. 1693(m), plus Plaintiff Gary Mertz's reasonable attorneys' fees and costs.

Dated: November 12, 2010

LEWIS, RICE & FINGERSH, L.C.

By_____
Barry A. Short, #19028MO
Ronald A. Norwood, #33841MO

600 Washington Avenue, Suite 2500
St. Louis, MO 63101
(314) 444-7759
(314) 612-7759 (facsimile)
bshort@lewisrice.com
rnorwood@lewisrice.com

Attorney for Defendant
Lindell Bank & Trust Company



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was sent, via U.S. mail, first class postage pre-paid, on this 12th day of November, 2010, to the following:

Evan Buxner
The Buxner Law Firm
230 S. Bemiston Avenue, Suite 500
St. Louis, MO 63105

R. Bruce Carlson
Gary F. Lynch
Stephanie K. Goldin
Carlson Lynch, Ltd.
231 Melville Lane
P.O. Box 367
Sewickley, PA 15143