# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

GARY MERTZ, individually and on )
behalf of all others similarly situated, )
                                     )
            Plaintiff, )
                                     )
      v. )             No. 4:10CV2098 HEA
                                     )
LINDELL BANK & TRUST )
COMPANY, )
                                     )
           Defendant. )

## OPINION, MEMORANDUM AND ORDER

Plaintiff filed a class action complaint on November 5, 2010, alleging that defendant violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq*. ("EFTA"), by charging him an ATM fee of $2.00 without properly notifying him first. Seven days after plaintiff filed his complaint, defendant made an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure to Mertz in excess of the statutory maximum allowed under the EFTA, plus reasonable attorney's fees. The offer of judgment only addressed individual relief for plaintiff and appears to not have included an offer for the putative class members. In lieu of filing an answer, defendant filed a motion to dismiss the complaint for lack of jurisdiction on the basis that the offer of judgment mooted plaintiff's claims. Plaintiff opposes the motion, arguing that the claims are not mooted because defendant did not extend an offer of

judgment to the putative class members.  Additionally, plaintiff has filed a motion to strike the offer of judgment for the same reason.

Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies."  A case becomes moot, thus ending jurisdiction, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest."  *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (citations omitted).  However, the mootness doctrine has a flexible character and is "one of uncertain and shifting contours."  *Id.* at 401 (citing *Flast v. Cohen*, 392 U.S. 83, 97 (1968)).  Nonetheless, "as a general rule, a class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified."  *Swan v. Stoneman*, 635 F.2d 97, 102 n. 6 (2d Cir.1980) (citing *Sosna v. Iowa*, 419 U.S. 393, 402 (1975)).  When a named plaintiff lacks a personal stake in the litigation prior to class certification, the case becomes moot and the court should dismiss the action for lack of subject matter jurisdiction.  *See Bd. of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128, 129-30 (1975).  The issue here is whether an offer of judgment filed before class certification is determined and grants the named plaintiff the statutory maximum recovery allowable constitutes complete relief and warrants dismissal of the case for lack of subject matter jurisdiction.

"[I]t has . . . been held that a defendant can moot a proposed class action by making a Rule 68 offer to the named plaintiff, ....."  12 Wright & Miller, Fed. Prac. & Proc. Juris. § 3001.1 (2d ed. 2011) (footnote omitted).  In this instance, defendant submitted its offer of judgment to plaintiff before filing an answer and before plaintiff could reasonably have been expected to file a motion for class certification.  In such cases, it has been held that defendant's offer of judgment does not moot the matter.  *E.g.*, *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001) ("the policy urged by defendant would clearly hamper the sound administration of justice, by forcing a plaintiff to make a class certification motion before the record for such motion is complete—indeed before an Answer is filed—would result in sweeping changes to accepted norms of civil litigation in the Federal Courts.");  *Morgan v. Account Collection Tech., LLC*, 2006 WL 2597865 *8 (S.D.N.Y.) (where plaintiff had not been allowed sufficient time to conduct discovery relevant to a class certification motion, offer of judgment did not moot class claims); 13C Wright & Miller, Fed. Prac. & Proc. Juris. § 3533.9.1 (3d ed.) ("An offer of full relief to the representative plaintiff, whether a formal Civil Rule 68 offer of judgment or a less formal offer, does not, without more, moot the action. . . . An offer made before the plaintiff moves for certification also does not moot the quest for certification . . .").  Because the offer of judgment here did not extend to the putative class

-3-

representatives, and because the offer was made before plaintiff could reasonably have been expected to file a motion for class certification, the offer, in this instance failed to render plaintiff's case moot.  As a result, the Court will deny defendant's motion to dismiss at this time, and the Court will grant plaintiff's motion to strike the offer.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike the offer of judgment [Doc. 7] is **GRANTED** without prejudice.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss for lack of jurisdiction [Doc. 11] is **DENIED**.

Dated this 30th day of March, 2012.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE